## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.B. and M.B.**

**No. 16-0539** (Wood County 15-JA-59 & 15-JA-60)

## MEMORANDUM DECISION

Petitioner Mother L.B., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's May 5, 2016, order terminating her parental rights to nine-year-old I.B. and six-year-old M.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a dispositional improvement period and terminating her parental rights to the children without imposing a less-restrictive dispositional alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, petitioner arrived at the DHHR offices with her children to fill out a housing voucher. While there, she became agitated and paranoid that her sister was trying to kill her and was conspiring with Child Protective Services ("CPS") to take away her children. The petition also alleged that petitioner had left her children in the care of someone else since 2012 and used heroin until April of 2015. The DHHR filed an abuse and neglect petition against petitioner based upon these events. Finally, the petition alleged that petitioner was homeless and that her mental illness precluded her from providing appropriate parenting to her children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

Thereafter, petitioner waived her rights to a preliminary hearing. The circuit court ordered petitioner to submit to random drug screens and granted her visitation with her children.

In June of 2015, petitioner threatened to kidnap her children during a supervised visit. During a subsequent supervised visit, petitioner threatened to kill her service provider and blow up her car. I.B. also told the service provider that petitioner "scares" him. In August of 2015, petitioner stipulated to the conditions of abuse and neglect as alleged in the petition. While the circuit court suspended petitioner's visitation rights pending a parental fitness evaluation, the circuit court granted petitioner supervised phone contact with her children. The following month, the circuit court entered an order granting petitioner a six-month post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period required her to submit to substance abuse treatment and random drug screens, participate in parenting and adult life skills, and obtain safe housing.

The circuit court held several review hearings on the status of petitioner's improvement period during which the circuit court heard evidence that petitioner was not complying with the terms of her improvement period. Petitioner's parental fitness evaluation indicated that she has not accepted responsibility for her behavior and blamed CPS for engaging in illegal practices. The evaluation also noted that petitioner has missed several drug screens. Specifically, there were concerns that petitioner attempted to submit falsified drug tests as proof that she submitted to random drug screens. Petitioner was also arrested for driving under the influence, missed three therapy appointments, and tested positive for cocaine.

By order entered on May 5, 2016, the circuit court terminated petitioner's parental rights to her children. In doing so, it found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was in the children's best interests. The circuit court further found that petitioner habitually abused or was addicted to alcohol or controlled substances and failed to respond to or follow through with appropriate treatment. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period based on her recent compliance with substance abuse treatment and counseling. Regarding whether a second improvement period should be granted, pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant another improvement period not to exceed six months when a "the respondent has experienced a substantial change in circumstances . . . [and] demonstrate[d] that due to that change in circumstances, [she] is likely to fully participate in the improvement period." We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to successfully complete her initial improvement period and failed to demonstrate that she experienced a substantial change in circumstances or would fully comply with the terms and conditions of another improvement period. At disposition, there was evidence that petitioner had complied with approximately one month of treatment after her post-adjudicatory improvement period expired. However, based on the specific facts of this case, we find that this evidence alone does not constitute "a substantial change in circumstances." Further, petitioner's argument ignores her testimony that her treatment could take another year and that she has not seen her children since August of 2015. Thus, we find that the circuit court correctly denied petitioner's request for a post-dispositional improvement period.

Petitioner also argues that the circuit court erroneously terminated her parental rights without employing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive

alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S*., 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part.

In the case sub judice, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, while petitioner sought treatment after she failed to comply with her post-adjudicatory improvement period, she testified that her treatment could take another year. Further, as noted by the circuit court in its findings, petitioner does not have a home for the children, the children fear petitioner, and it is in the children's best interest to terminate petitioner's rights. Consequently, under the facts presented here, we find no error in the circuit court's termination order.

For the foregoing reasons, we hereby affirm the circuit court's May 5, 2016, order.

Affirmed.

**ISSUED**: **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II